UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIVINE RESTORATION APOSTOLIC CHURCH, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-09-cv-0926 |
| | § | |
| NATIONWIDE INSURANCE COMPANY AND JASON L. JOHNSON, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. No. 5) and Defendants' Motion

for Leave to Amend Notice of Removal. (Doc. No. 6.) After considering the parties' filings, all

responses and replies thereto, and the applicable law, the Court finds that Defendant's Motion for

Leave to Amend Notice of Removal should be granted. Further briefing is necessary to resolve

Plaintiff's Motion to Remand.

## I.      PROCEDURAL BACKGROUND

This lawsuit arises out of Plaintiff's insurance claims for damages it sustained during

Hurricane Ike. Plaintiff made a claim against its commercial property insurance policy ("the

policy") which was issued by Nationwide. Nationwide hired Jason L. Johnson to adjust

Plaintiff's claim. Plaintiff filed suit in state court, alleging that Defendants wrongfully denied it

insurance benefits it was owed under the policy. Plaintiff asserted breaches of the Texas

Insurance Code, the insurance contract, and the common law duty of good faith and fair dealing.

1

Plaintiff also asserted that Defendant Johnson personally violated Chapter 541 of the Texas Insurance Code.  Defendants timely removed the lawsuit to federal court, and Plaintiff now moves to remand.

## II.     ANALYSIS

### A.  Removal Standard

The remand statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  The statute requires complete diversity between plaintiffs and defendants. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (citing 28 U.S.C. § 1332(a)).   The party invoking the court's removal jurisdiction has the burden of establishing federal jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### B.  Defendants' Notice of Removal

Plaintiff first argues that Defendants' pleading that Johnson is a "resident" of Iowa, not a "citizen," is insufficient to establish diversity jurisdiction.  It is well settled that allegations of residency are insufficient—the party must allege citizenship to satisfy diversity requirements. *Yazdchi v. Geico*, 161 Fed.Appx. 438, 439 (5th Cir. 2006) (not designated for publication) (citing *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985)).  Defendants, in response, urge the Court to allow them to amend their Notice of Removal to state that Johnson is a "citizen" of Iowa.

The Fifth Circuit declined to address whether a defendant should be permitted to amend its notice of removal to reflect a party's citizenship, as opposed to his residence, in *Great Plains Trust Company v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 310 n. 2 (5th Cir. 2002). The general rule, however, is that a party may amend its notice of removal to cure a defective (as opposed to a missing) allegation of jurisdiction. *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-147 (5th Cir. 1979). As a result, sister courts have interpreted the replacement of "resident" with "citizen" as a "mere correction of a technical defect." *Sagaral v. Wal-Mart Stores Texas, L.P.*, No. H-05-3599, 2005 WL 3465841, at *1 (S.D.Tex. Dec. 19, 2005) (citing *UICI v. Gray*, No. 01-0921L, 2002 WL 356753, at *2 (N.D.Tex. March 1, 2002)). The Court finds these cases persuasive and will allow Defendants to amend their Notice of Removal to reflect Johnson's citizenship.

### C. Johnson's Citizenship

Plaintiff further argues that Defendant Johnson is actually a Texas citizen, which would defeat this Court's removal jurisdiction. In support of its position, Plaintiff presents a letter from an engineer, whom Defendant hired to assess Plaintiff's damages, which is addressed to Defendant Johnson at a Texas address. (Pl. Mot. to Remand, Ex. A.) Plaintiff also submits a letter from Defendant Johnson to Plaintiff indicating that his contact number begins with a "713" area code. (Pl. Mot. to Remand, Ex. B.) In response, Defendants simply reassert that Johnson is a citizen of Iowa. While the documents submitted by Plaintiff certainly suggest that Johnson has some associations with Houston, neither side has submitted definitive evidence of his citizenship. The Court will therefore grant both parties an additional fifteen days to submit affidavits, deposition testimony, or other admissible evidence as to Johnson's citizenship.

### III.   CONCLUSION

3

For these reasons, Defendant's Motion for Leave to Amend Notice of Removal is

**GRANTED**.  The Court requests that the parties submit competent evidence of Johnson's

citizenship, as described above, within fifteen days.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the ___3rd___ day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.**

4