UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DIVINE RESTORATION APOSTOLIC CHURCH,** § § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL ACTION NO. 4:09-cv-0926** |
| § | |
| **NATIONWIDE MUTUAL INSURANCE CO. ET AL.,** § § § | |
| **Defendants.** § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Sever and Abate, or, Alternatively, for Separate Trials and Abatement (Doc. No. 11). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Defendant's motion should be denied.

### I. BACKGROUND

This case arises from a Hurricane Ike insurance dispute. Nationwide Mutual Insurance Company issued a commercial insurance policy ("the policy") to Plaintiff Divine Restoration Apostolic Church ("Divine Restoration").[1] The policy insured church property located in Pasadena, Texas. (Def.'s Mot. to Sever and Abate, or, Alternatively, for Separate Trials and Abatement, Doc. No. 11, at 1.) Divine Restoration submitted a claim to Nationwide when its church building and contents were damaged by Hurricane Ike in 2008. Divine Restoration now alleges in this suit that Nationwide failed to properly adjust the claim and improperly paid part of the claim. (Pl.'s Original Pet., Doc.

---

[1] The Court pulls the facts from the Plaintiff's Original Petition (Doc. No. 1, Ex. B), Nationwide's motion (Doc. No. 11), and Divine Restoration's response (Doc. No. 14).

1

No. 1, Ex. B, §§ 12-13.) Divine Restoration asserts a breach of contract claim against Nationwide. It also asserts various extra-contractual claims, including violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act. Divine Restoration has also named Jason L. Johnson as a Defendant. Johnson had a role in handling Divine Restoration's claim.

Defendants now ask the Court to sever Divine Restoration's contractual claims from its extra-contractual claims, or, alternatively, to order separate trials for the claims.

## II. APPLICABLE LAW

### A. Severance

Nationwide and Johnson (collectively, "Nationwide") move the Court to sever this action under Rule 21 of the Federal Rules of Civil Procedure. Rule 21 provides that a court may "sever any claim against a party." FED. R. CIV. P. 21. Under Rule 21, this Court may sever an action "if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

### B. Separate Trials

Alternatively, Nationwide moves for separate trials under Rule 42(b) of the Federal Rules of Civil Procedure. The issue of whether separate trials are warranted in this diversity action is governed by federal law. 9A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 2001) ("The separate trials rule is a valid regulation of procedure. Therefore, state law is not controlling even in diversity cases.") (citations omitted); *see also Lumbermens Mut. Cas. Co. v. Bell*, 289 F.2d 124, 125-26 (5th Cir. 1961) (holding that the separate trial issue in a diversity case was a procedural matter governed by federal law rather than state law).

Nevertheless, the Court may look to Texas law to aid it in determining whether separate trials should be ordered. *Greil v. Geico*, 2001 WL 1148118, at *1 (N.D. Tex. Sept. 18, 2001) (explaining that "Texas courts are in the best position to determine when claims arising under Texas law warrant separate trials"). Thus, while federal law ultimately controls this issue, Texas law may also be considered.

Rule 42(b) provides that a court has discretion to order separate trials of claims "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."[2] FED. R. CIV. P. 42(b). Thus, the two primary factors to be considered in determining whether to order separate trials are efficient judicial administration and potential prejudice. Separation of issues for separate trials is "not the usual course that should be followed," *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993), and the burden is on the party seeking separate trials to prove that separation is necessary. 9A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2388 (3d ed. 2001). In this case, then, Nationwide bears the burden of proving that a separate trial is necessary, but, as explained below, it has not met that burden.

### III.   ANALYSIS

In the instant case, Nationwide seeks severance of Divine Restoration's extra-contractual claims. Where judicial economy or potential prejudice lean in favor of separating such claims, this Court prefers to order separate trials rather than severance.

---

[2] Though the distinction is occasionally blurred by both courts and litigants, ordering separate trials under Rule 42(b) is different from ordering severance under Rule 21. Separate trials generally result in one judgment, while severed claims become entirely independent actions with independent judgments. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993); *see also* 9A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 2387 (3d ed. 2001). The cases cited in this section may use severance language, but they all actually address the issue of separate trials under Rule 42(b).

As explained *supra*, granting a severance of the claims in this case would completely sever Divine Restoration's claims into a separate action, with a separate judgment. Ordering separate trials, in the Court's view, more effectively achieves both the avoidance of prejudice and the conservation of judicial resources, while still allowing the claims to be resolved under one final judgment. Thus, the Court denies Nationwide's motion for severance, and proceeds to consider its motion for separate trials and abatement.

### A. Judicial Efficiency

Nationwide contends that separate trials will promote judicial efficiency in this case because the extra-contractual claims depend on the outcome of the contract claim. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (noting that, in most cases, "an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract"). Nationwide asserts that "[i]t would be a waste of time for the Court, the parties, and the attorneys for the parties to submit evidence on the alleged bad faith claims when a finding on the contract could be peremptorily dispositive." (Doc. No. 11, at 5.)

The Court is not convinced that judicial resources will be conserved by ordering separate trials in this case. Separate trials will save time and resources only if Nationwide prevails on the contractual claim. If it does not, then time will be wasted in empanelling a new jury and undergoing a second trial. This is particularly so when, as here, many of the same facts and witnesses are relevant to both the contractual and extra-contractual issues. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (noting that contractual and extra-contractual insurance claims under Texas law are

4

"largely interwoven" and that "most of the evidence introduced will be admissible on both claims"). Individuals called to testify will likely know about both the terms of coverage under the insurance policy, as well as Nationwide's decisionmaking process in denying the claims. Divine Restoration urges this very point in its response. It argues that the extra-contractual claims in the case are largely interwoven with the contractual claims. Divine Restoration asserts, for example, that claim file material will be introduced by the parties to establish what action was taken on the claim, establish evidence of the damages, and will be used by all parties to establish compliance or non-compliance with contractual and extra-contractual obligations. (Pl.'s Resp. to Defs. Nationwide Mutual Ins. Co. & Jason L. Johnson's Mot. to Sever and Abate, or, Alternatively, for Separate Trials and Abatement, Doc. No. 14, ¶¶ 8-9.)

Thus, Nationwide's judicial economy argument demonstrates instead that the potential disadvantages cancel each other out. If Nationwide prevails on the contractual claim, litigation on the extra-contractual claims will be moot and this Court's time and resources will be saved. If, on the other hand, Divine Restoration is successful on its contractual claim, the Court's resources will be wasted by undergoing a second trial on the extra-contractual claims. At this stage in the litigation, the Court cannot speculate as to which party might be more likely to prevail. It thus will not order separate trials on the speculation that doing so might promote judicial efficiency. *See Houston McLane Co. v. Conn. Gen. Life Ins. Co.*, 2006 WL 3050812, at \*3 (S.D. Tex. Oct. 24, 2006).

### B. Potential Prejudice

Nationwide also fails to carry its burden of establishing that separate trials are necessary to avoid prejudice. It argues that courts have found that contractual and extra-

5

contractual claims must be litigated separately where there is a possibility that the admission of certain evidence in the extra-contractual claims case can be prejudicial to either party in the contract case.  Nationwide is correct that, in insurance cases, extra-contractual claims are often given a separate trial from contractual claims to avoid prejudice.  This occurs, however, when the insurance company has made a settlement offer on the disputed claim.  Under the rules of evidence, an offer of settlement could not be offered to prove liability on the contractual claim, but could be offered as relevant evidence in the extra-contractual claims.  In balancing the parties' interests, courts often find it necessary to order separate trials to avoid the prejudicial effect of allowing evidence of settlement offers on disputed claims, while still allowing a plaintiff to submit such evidence where it is relevant.  Indeed, nearly all of the cases cited by Nationwide present just such a scenario.  *Greil v. Geico*, 2001 WL 1148118, at *1-2 (N.D. Tex. Sept. 18, 2001); *Karam v. Nationwide General Ins. Co.*, 1999 WL 1240791, at *2 (N.D. Tex. Dec. 20, 1999); *In re Allstate Ins. Co.*, 232 S.W.3d 340, 344 (Tex. App.—Tyler 2007, no pet.); *In re Allstate Prop. & Cas. Ins. Co.*, 2007 WL 1574964, at *1 (Tex. App.—Fort Worth May 30, 2007); *In re Progressive County Mut. Ins. Co.*, 2007 WL 416553, at *1 (Tex. App.—Beaumont Feb. 8, 2007); *In re Allstate Ins. Co.*, 2003 WL 21026877, at * (Tex. App.—Houston [1st Dist.] May 8, 2003); *Mid-Century Ins. Co. of Tex. v. Lerner*, 901 S.W.2d 749, 752 n.1 (Tex. App.—Houston [14th Dist.] 1995, no pet.); *Nw. Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46-47 (Tex. App.—Houston [14th Dist.] 1993, no pet.); *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671-73 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 260-61 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

Nationwide claims that it has paid to settle Divine Restoration's claim, and that it therefore falls under the purview of the separate trial rule outlined above. Nationwide offers a business records affidavit showing that it paid Divine Restoration in the amount of $2,253.36 for its total loss claim. (Business Rs. Affidavit, Doc. No. 11, Ex. A., at 1.) Divine Restoration argues, however, that the payment made by Nationwide was made on an undisputed portion of the claim, and simply denied the disputed portion of the claim without making a settlement offer. Thus, Divine Restoration urges, Nationwide does not fall under the line of cases requiring a separate trial for the extra-contractual claims.

After its review of the record and the case law, the Court agrees with Divine Restoration. A settlement payment on the entire claim was not made in this case. In a letter to Divine Restoration, Nationwide notes that additional payments could be made on the claim if hidden or additional damages are found. (Doc. No. 14, Ex. A, at 2.) In another letter, Nationwide writes to Divine Restoration that based on certain "exclusions and limitations," it will not pay for the roof or interior water damage to the church because damage occurred due to the deteriorated condition of the roofing, rather than wind. Nationwide also declines to make payment for certain fencing and other areas. (Doc. No. 14, Ex. B., at 2.) Divine Restoration represents to this Court that the roof is the disputed portion of the claim. (Doc. No. 14, at 8.) Nationwide has not filed a reply to Divine Restoration's response, nor has it shown opposition to Divine Restoration's characterization of the disputed portions of the claim in any other way. Accepting this information as true, then, the Court agrees that payment has been made only on an undisputed portion of the claim. Additionally, it is clear to the Court that no settlement offer was made on the entire claim.

7

Given this set of facts, Nationwide's request for separate trials falls under the Texas Supreme Court's decision in *Liberty National Fire Insurance Co. v. Akin*. In *Akin*, the court said:

> Hoping to bring itself within the purview of those cases that have required severance when offers of settlement on the contract claim will be introduced to refute the bad faith allegations, [Defendant] notes that it tendered payment for a portion of [Plaintiff's] claim. We doubt, however, that evidence of [Defendant's] payment of the uncontested portion of [Plaintiff's] claim will unduly prejudice its defense of the coverage claim. As we understand it, the insurer has paid the portion of the claim it does not dispute, and the jury will decide whether the policy covers another disputed portion of [Plaintiff's] claim. As for evidence that [Defendant] routinely denies this type of claim or evidence that it set aside a reserve pending final evaluation of this claim, we believe that the trial court may address any undue prejudice by instructing the jury that the evidence proves nothing with regard to the coverage of the [Plaintiff's] claim, but may be considered relevant only to the bad faith claim.

927 S.W.2d 627, 629 (Tex. 1996). Following *Akin*'s reasoning, the Court need not order separate trials where payment has been made on an undisputed portion of the contract claim, but none has been made on the disputed claims. *Id.*; *see also Greil v. Geico*, 2001 WL 1148118, at *1 (N.D. Tex. Sept. 18, 2001) (noting that the *Akin* court held that separate trials were appropriate where an "insurer has made a settlement offer on the disputed contract claim"); *In re Allstate Ins. Co.*, 232 S.W.3d 340, 343 (Tex. App.—Tyler 2007, no pet.) (noting that "where an insurer has made an offer to settle a disputed contract claim," separate trials are appropriate); *In re Allstate Co.*, 2003 WL 21026877, at *1 (Tex. App.—Houston [1st Dist.] May 8, 2003) (stating that the *Akin* court "noted that an offer to settle the entire contract claim would have required a severance"); *In re Progressive County Mut. Ins. Co.*, 2007 WL 416553, at *1 (Tex. App.—Beaumont Feb. 8, 2007) (noting that where contractual and extra-contractual claims exist, "and the insurance company has made a settlement offer on the disputed contract claim,"

severance is required to avoid undue prejudice). Instead, a limiting instruction informing the jury that the disputed claim at issue is unrelated to the payment already tendered should be adequate to cure any possible prejudice. Additional jury instructions may be appropriate depending on what evidence the parties offer in support of their claims.

Nationwide has not specifically identified any other prejudice it will suffer as a result of all claims being tried together. As the Texas Supreme Court has held, "In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required." *Akin*, 927 S.W.2d at 630. Nationwide has failed to show that it made a settlement offer on the entire claim, and has not presented any other compelling circumstances that pose a specific danger of prejudice. The Court declines to order separate trials on potential prejudice grounds.

## IV. CONCLUSION

Nationwide has not met its burden of showing that separate trials are necessary, either because they will promote judicial efficiency or prevent potential prejudice. Its motion for separate trials is denied, and its request for abatement of all extra-contractual claims is denied as moot. Additionally, Nationwide's motion for severance is denied. If, in the course of the case, evidence is brought to the Court's attention that poses a specific risk of prejudice, or Nationwide can show that it made a settlement offer on a disputed portion of the claim, Nationwide may then ask the Court to reconsider its ruling. Nationwide's Motion to Sever and Abate, or, Alternatively, for Separate Trials and Abatement (Doc. No. 11) is therefore **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 19th day of March, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**